UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-0573 (ESH) |
| | ) |
| EXECUTIVE OFFICE FOR | ) |
| UNITED STATES ATTORNEYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

In this *pro se* action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the response of the Executive Office for United States Attorneys ("EOUSA") to two FOIA requests he made for information pertaining to two grand juries. Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or for summary judgment under Rule 56. (Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. [ECF No. 10].) Plaintiff has filed an opposition to the motion [ECF No. 13][1] and defendant has filed a reply [ECF No. 19]. Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part defendant's motion for summary judgment and direct defendant to release certain withheld information, if it exists in an agency record.

---

[1] On November 7, 2013, the Court, upon considering the filing captioned "Plaintiff's Motion to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d) or in Alternative Motion Opposition," denied plaintiff's motion to conduct discovery and deemed the document filed as plaintiff's opposition to defendant's summary judgment motion (hereafter "Pl.'s Opp'n").

**BACKGROUND**

In plaintiff's first FOIA request, dated February 13, 2013, plaintiff sought the dates a grand jury convened to investigate two separate criminal cases, 1:08-CR-00433 and 1:08-CR-314, prosecuted in the U.S. District Court for the Middle District of Pennsylvania, as well as "the names of the Judge who summoned the grand jury, the date the indictments were returned, the date they were discharged, the starting and ending date of the grand jury's term, and a certified copy of the courts[sic] minute entries." (Decl. of Kathleen Brandon [ECF No. 10-1], Ex. A.) In a second FOIA request, dated April 18, 2013, plaintiff requested "the dates the grand jury issued the indictments [in the same two criminal cases] . . . the dates and times of sessions the grand jury convened, whether it was summoned pursuant to Fed. Crim. P. 6(a) or 18 U.S.C. 1331 and the certified letter requesting the special grand jury and the caption of the indictment." (*Id*., Ex. D.) In addition, plaintiff requested "an unredacted copy of the indictment" in 1:08-CR-314. (*Id*.)

Plaintiff commenced the above-captioned action on April 26, 2013 (Compl. [ECF No. 1]), challenging defendant's failure to respond to the first FOIA request, and then filed an amended complaint on June 12, 2013, to add a claim based on the lack of response to the second FOIA request. (*See* Am. Compl. [ECF No. 8].) Thereafter, defendant processed both FOIA requests, and, by letter dated July 5, 2013, stated that it was "making all records required to be released, or considered appropriate for release as a matter of discretion, available to you." (Brandon Decl., Ex. G.) The letter then conveyed to plaintiff the dates each grand jury was impaneled and the dates each expired, the name of the Chief Judge who supervised the respective grand jury, and the dates each grand jury convened and returned an indictment. In addition, defendant released the dockets of both criminal cases, which contained the requested "courts'

entries." (*Id*.) The letter informed plaintiff of his right to appeal the decision to the Department of Justice's Office of Information Policy ("OIP").

In a letter dated July 17, 2013, defendant supplemented its release by informing plaintiff that the grand juries were summoned pursuant to Fed. R. Crim. P. 6(a) and releasing the following additional documents: "the official version" of the indictment in 08-CR-314, which had been "redacted by the court," and "a copy of the indictment" in 08-CR-00433, "which contain[ed] the caption [plaintiff] requested." (*Id*., Ex. H.) Defendant then informed plaintiff that it was withholding "the times the grand juries convened" pursuant to FOIA exemptions 3 and 7(c), *see* 5 U.S.C. § 552(b), and Fed. R. Crim. P. 6 "to protect the identity of witnesses and the secrecy of the grand jury proceedings." (*Id*.). The letter again informed plaintiff of his right to appeal to OIP.

## LEGAL STANDARD

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in reasonably detailed affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C.

Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When questions arise about an agency's search, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotation marks omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched . . . ." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). Summary judgment may not be granted "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). If responsive records to a properly submitted request have been improperly withheld, a court is authorized "to devise remedies and enjoin. *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).

## DISCUSSION

### A. Released Documents

Plaintiff first questions the accuracy or redactions of information in several of the released documents. *See* Pl.'s Opp'n Brief 2-3, 5. Plaintiff's argument is premised on a misunderstanding of the FOIA. "Under [the] FOIA, an individual may only obtain access to

4

records 'written or transcribed to perpetuate knowledge or events.' . . . [The] FOIA neither requires an agency to answer questions disguised as a FOIA request, [n]or to create documents or opinions in response to an individual's request for information." *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987), *cert. denied*, 484 U.S. 803 (1987) (citations omitted). Furthermore, the FOIA does not require an agency to assure the accuracy of records prior to their release; such is the province of the Privacy Act under circumstances not present here. *See* 5 U.S.C. § 552a(g)(1) (authorizing suit for an agency's maintenance of inaccurate first-party records under specified circumstances). Thus, even if plaintiff has shown inaccuracies in the released documents, such inaccuracies are immaterial to the disclosure question. Similarly, defendant's release of a redacted copy of the indictment in 1:08-CR-314 in response to plaintiff's request for an unredacted copy does not constitute an improper withholding because the redactions were made not by EOUSA but by a court, which is not subject to the FOIA. *See Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 231 (D.D.C. 2008) ("The term "agency" as defined for purposes of FOIA and the Privacy Act expressly excludes the courts of the United States."). Finally, although plaintiff does not expressly question the adequacy of defendant's search, he complains that the released documents do not reflect what he expected to find. However, the search yielded the requested records that, in turn, enabled defendant to answer the questions plaintiff had posed. (*See* Brandon Decl. ¶¶ 6, 9-13.) The fact that the released documents may not reflect what plaintiff surmises they should or "that a particular document was not found does not demonstrate the inadequacy of a search," *Boyd v. Criminal Div. of U.S. Dept. of Justice* 475 F.3d 381, 390 -91 (D.C. Cir. 2007), or "point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981).

B.     FOIA Exemption 3

Plaintiff reasonably questions defendant's invocation of FOIA exemption 3 to justify withholding the requested times the grand juries convened. (Pl.'s Opp'n Brief at 4; *see* Brandon Decl., Ex. H.) Exemption 3 protects from disclosure records that are "specifically exempted from disclosure by statute," provided that such statute either requires a withholding (A) "in such a manner as to leave no discretion on the issue," or (B) "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a] grand jury." Fed. R. Crim. P. 6(e)(2); *see In re Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498-501 (D.C. Cir. 1998). Rule 6(e) is a statute for purposes of exemption 3 because Congress affirmatively enacted it. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867-68 (D.C. Cir. 1981). In this Circuit, the grand jury exception is limited to material which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such . . . as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

To justify withholding "the times that the grand juries convened," EOUSA's declarant merely quotes the language of the release letter that information was being withheld "in order to protect the identity of witnesses and the secrecy of the grand jury proceedings." (Brandon Decl. ¶ 13.) This obscure statement fails to explain how releasing the requested information could possibly reveal a secret aspect of the grand jury investigation, and arguably is contradicted by defendant's release of the dates the grand jury convened and returned an indictment. Defendant's declaration simply fails to demonstrate a "logical connection between the [withheld

grand jury] information and the claimed exemption." *Goldberg v. U.S. Dep't of State*, 818 F.2d 71, 78 (D.C. Cir. 1987). Hence, the Court will deny summary judgment to defendant on its invocation of exemption 3 and, if the information about the grand jury start and end times is contained in an "agency record," direct its release. *See Lopez v. Dep't of Justice*, 393 F.3d 1345, 1347, 1351 (D.C. Cir. 2005) (remanding case with instruction to the district court to order the release of previously redacted dates on which "prosecutors interviewed prospective grand jury witnesses" since those dates did not "inherently reveal secret matters occurring before a grand jury and . . . the Government ha[d] failed to demonstrate how disclosing the date . . . would reveal a protected aspect of the grand jury").

    C.    **Exemption 7(C)**

Plaintiff has not contested (*see* Def.'s Mem. in Support of Def.'s Mot.. at 11-12) and, therefore, has conceded defendant's argument that it properly invoked FOIA exemption 7(C) to protect the identity of grand jury witnesses. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). In any event, it is established that because of substantial privacy concerns, exemption 7(C) "categorically" exempts from disclosure the identities of individuals mentioned in law enforcement files, such as here, absent a showing, not attempted here, of an overriding public interest. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995); *see Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) ("As a result of [e]xemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private

information.") (citing cases); *id*. at 40 (finding law enforcement assertion "especially convincing [where] [requester] explicitly sought records related to his own criminal prosecution").

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [ECF No. 10] is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that by no later than **January 6, 2014**, defendant shall release to plaintiff the requested times each grand jury convened, if they are contained in an agency record, and notify the Court forthwith upon the release of those records. If the information as to the times each grand jury convened does not appear in an agency record, defendant may exercise its discretion to decide whether to convey the information to plaintiff.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 6, 2013