UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 13-0573 (ESH) |
| ) | |
| EXECUTIVE OFFICE FOR ) | |
| UNITED STATES ATTORNEYS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

In December 2013, the Court granted in part and denied in part defendant's motion for summary judgment on plaintiff's Freedom of Information Act ("FOIA") claims and ordered the release of certain information "if . . . contained in an agency record." *See generally* Dec. 6, 2013 Mem. Op. and Order [ECF No. 21] ("Mem. Op. I"). Both parties have moved for reconsideration. *See* Def.'s Mot. for Recons. or, in the Alternative, to Alter or Amend Judgment, and Mot. for Stay [ECF No. # 24]; Pl.'s Mot. to Alter or Amend the Judgment [ECF No. 25]. In light of defendant's motion, the Court ordered defendant to submit for *in camera* review the unredacted records containing information withheld under FOIA exemption 3 and stayed the release of any information pending further order. *See* Dec. 30, 2013 Min. Order. Upon consideration of the parties' motions and the documents which have been submitted *in camera*, the Court will grant defendant's motion for reconsideration, deny plaintiff's motion for reconsideration, and enter judgment accordingly.

Since a judgment has not been entered on any claim, the Court will consider both motions to reconsider under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) governs

reconsideration of interlocutory or non-final orders, and a motion for such relief is considered under the standard "as justice requires." *Campbell v. United States Dep't of Justice*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)). An interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), but "[i]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.' " *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (quoting *Keystone Tobacco Co. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003)).

Plaintiff's Motion to Reconsider

Plaintiff surmises that because the ruling did not address each of his "issue[s]" . . . "separate and distinctly," the Court had "overlooked" the Affidavit submitted as part of his opposition. *See* Pl.'s Brief in Support of the Mot. to Alter, or Amend Judgment ¶¶ 1-3. When deciding a summary judgment motion, however, the Court is required to resolve disputes over "material fact[s]." Fed. R. Civ. P. 56; *see* Mem. Op. I at 3-4 (discussing legal standard). Plaintiff asserts that the Court "overlooked [his] reliance on the privacy act," Pl.'s Brief ¶ 3 (citing Am. Compl. [ECF No. 8] ¶ 1), but he mentions the Privacy Act only in the context of seeking the "production of agency records" requested under the FOIA. Am. Compl. ¶ 1. Plaintiff's "reliance" on the Privacy Act to obtain agency records is misplaced for two reasons: (1) the Act proscribes the invasion of personal privacy by restricting the disclosure of an individual's information; and (2) the Act expressly exempts from its reach information that is required to be disclosed under the FOIA. 5 U.S.C. § 552a(b)(2); *see Greentree v. United States*

2

*Customs Serv*., 674 F.2d 74, 79 (D.C. Cir. 1982) (concluding "that section (b)(2) of the Privacy Act represents a Congressional mandate that the Privacy Act not be used as a barrier to FOIA access").

Plaintiff also asserts that the Court overlooked (1) his claim that defendant's declaration was "conclusory and insufficient," and (2) his challenge to "the adequacy of the search, and its scope, because the agency alleges to have provided the captions of the indictments for both cases which appears [sic] to be stated in bad faith . . . ." (Aff. of James E. Murphy [ECF No. 13] ¶¶ 16, 19.) The former assertion is belied by the fact that the Court agreed in part with plaintiff's criticism of defendant's declaration and, as a result, partially denied summary judgment to defendant. *See* Mem. Op. I at 6. As for the latter assertion, the Court determined that the premise of plaintiff's argument is not that defendant improperly withheld responsive documents, which triggers FOIA analysis, but that it released inaccurate court documents, which does not. *See id.* at 5. Since plaintiff has presented no basis for amending the order, his Rule 54(b) motion will be denied.

<u>Defendant's Motion for Reconsideration</u>

The Court has carefully reviewed the documents which contain containing the requested times that the grand jury convened, along with a supporting declaration, *in camera* and it finds the documents to be exempt under FOIA exemption 3 because they are grand jury forms containing information that would reveal secret aspects of a grand jury investigation. *See* Mem. Op. I at 6 (discussing grand jury material); *see also* Second Decl. of Kathleen Brandon [ECF No. 24-3] ¶ 3 (describing generally "scenarios [where] the times in which a grand jury was convened in a particular case could disclose to a requester the identity of [grand jury] witnesses"). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if [as here] it

appears 'logical' or 'plausible.' " *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 715 F.3d 937, 941 (D.C. Cir. 2013) (quoting *ACLU v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (other citations omitted). The Court further finds that any non-exempt information contained in the documents is so "inextricably intertwined" with the exempt information that any attempt to segregate the documents would "produce an edited document with little informational value." *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (citation and internal quotation marks omitted).

For the foregoing reasons, the Court concludes that no improper withholding has occurred. It therefore will grant defendant's Rule 54(b) motion to reconsider and vacate the order directing the release of what defendant has now shown to be exemption 3 material. *See Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 196 (D.C. Cir. 1991) ("[T]he FOIA gives federal courts jurisdiction to compel an agency to produce records only if the agency has (1) improperly (2) withheld (3) agency records.") (citation and internal quotation marks omitted). Consequently, plaintiff's pending motions will be denied. A separate final order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
DATE: February 3, 2014          United States District Judge